

# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

**COLLEEN TRACY**
CTracy@fchs.com
212-218-2239

www.fitzpatrickcella.com

**NEW YORK**
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

June 27, 2014

VIA ECF AND EMAIL

Honorable Richard J. Sullivan
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007-1312

    Re:    *Gilead Sciences, Inc. and Emory University v. Mylan Inc. and Mylan Pharmaceuticals Inc.* (14-cv-3928)

Dear Judge Sullivan:

We represent Gilead Sciences, Inc. and Emory University (collectively "Plaintiffs") and write to inform the Court of Plaintiffs' voluntary dismissal of the above-captioned matter ("the Mylan Lawsuit") pursuant to F.R.C.P. 41(a)(1)(A)(i).[1] The Mylan Lawsuit relates to two patents that cover emtricitabine and its use to treat HIV and one patent that covers certain pharmaceutical compositions containing emtricitabine and tenofovir disoproxil fumarate.

Plaintiffs currently have two matters before the Court, *Gilead Sciences, Inc. and Emory University v. Cipla Limited* (12-cv-6350) and *Gilead Sciences, Inc. and Emory University v. Lupin Limited* (12-cv-6293), that relate to the two of the three patents involved in the Mylan Lawsuit. As a result, Plaintiffs filed the Mylan Lawsuit in this Court and filed a "protective suit"[2] in the Northern District of West Virginia, in the event that there was a jurisdiction dispute as Mylan's home state is West Virginia.

Mylan has been vigorously contesting jurisdiction in numerous matters throughout the country. Plaintiffs contacted Mylan to determine whether it would contest jurisdiction in the Southern District of New York in this matter, and Mylan was unable to provide an answer. In order to avoid an unnecessary jurisdiction dispute, Plaintiffs have decided to move forward with the

---

[1] F.R.C.P. 41(a)(1)(A)(i) enables a plaintiff to dismiss a matter as of right "before the opposing party serves either an answer or a motion for summary judgment." Plaintiffs' voluntary dismissal of the above-captioned matter is permitted under Rule 41(a) because Mylan has not yet served an answer or a motion for summary judgment.

[2] The filing of a protective suit is a common practice in pharmaceutical cases falling under the Hatch-Waxman Act, to ensure that the FDA stays any approval of proposed generic products for a 30-month period in the event that there is a dispute over jurisdiction.

Honorable Richard J. Sullivan
June 27, 2014
Page 2

lawsuit filed in the Northern District of West Virginia and are therefore moving to dismiss the complaint filed in this Court.

Respectfully submitted,

Colleen Tracy